# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENT A. KIDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1212-WEB |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks judicial review of the Defendant's decision to deny disability insurance benefits under Title II Social Security Disability and Title XVI Supplemental Security Income Benefits. See 42 U.S.C. §§ 1381 et seq. A review of the record reveals that Plaintiff filed for these benefits on December 10, 2001 reporting an inability to work since January 1, 2001. (R. at 14). A hearing was held in front of administrative law judge (ALJ) Bock on May 5, 2003. (Id.). At the time of the hearing Plaintiff was 48 years old. (Id. at 15). The ALJ followed the five-step sequential analysis found at 20 C.F.R. § 404.1520. (Id.).

According to the ALJ, the medical evidence established that Plaintiff has medically determinable severe impairments of depression, schizoaffective disorder with anxiety, diabetes mellitus with neuropathy, and drug and alcohol abuse. (Id. at 18). Next he found that Plaintiff's severe impairments did not meet or exceed the criteria for any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 19). The ALJ determined Plaintiff's residual functional capacity (RFC) and found that Plaintiff's

impairments precluded him from doing past work. (Id. at 21). A Vocational Expert (VE) testified that Plaintiff's RFC allowed for light and sedentary work and there are substantial numbers of those jobs in the national economy. (Id. at 22). A decision denying Plaintiff benefits was issued on June 18, 2003. (Id. at 24). Plaintiff requested review by the Social Security Appeals Council and produced a letter by Plaintiff's treating psychologist supporting Plaintiff's claims. (Id. at 9, 270). The Appeals Council denied Plaintiff's request for review on March 13, 2004, making the decision of the ALJ the final Agency decision. (Id. at 6); 20 C.F.R. § 404.981.

Plaintiff argues that the ALJ erred because he improperly failed to give controlling weight to Dr. Schell's medical opinions. Plaintiff also argues that the ALJ had a duty to obtain additional evidence because he found the evidence unclear and contradictory. Plaintiff finally argues that the RFC assigned by the ALJ is unsupported by substantial evidence.

### I. Standard

The Court must affirm the Commissioner's final decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2002). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) quoting *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias v. Secretary of HHS,* 933 F.2d 799, 800 (10th Cir. 1991) quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Our role is not to reweigh the evidence or substitute our judgment for that of the

Commissioner. *White*, 287 F.3d at 905. The Commissioner's decision is not subject to such deference and reversal may be appropriate if the Commissioner applied an incorrect legal standard. *Casias*, 933 F.2d at 801.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). 42 U.S.C. § 423(d)(1)(A). The claimant's physical or mental impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of SGA which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. 20 C.F.R § 404.1520(a)(4). At step one, the agency will find non-disability if claimant is engaged in SGA. 20 C.F.R § 404.1520(a)(4)(i). At step two, the claimant must show a severe disability. 20 C.F.R § 404.1520(a)(4)(ii). A severe disability is defined as an impairment which significantly limits a claimant's physical or mental ability to do basic work activity. 20 C.F.R § 404.1520(c). At step three, the agency determines whether the severe impairment meets or equals the impairments and the duration requirements in Appendix 1 of 20 C.F.R. and if it does, the claimant will be found disabled. 20 C.F.R § 404.1520(a)(4)(iii). If the impairment does not meet the standards in step three, the agency continues to step four and assesses whether the claimant can do her previous work and if so, then she will not be disabled. 20 C.F.R § 404.1520(a)(4)(iv). At step five, the agency considers a claimant's RFC, age,

education and past work experience to determine if claimant is capable of performing other work in the national economy.  20 C.F.R § 404.1520(a)(4)(v).

The claimant bears the burden of proof through step four of the analysis. *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the agency.  *Id.*  Before going from step three to step four, the agency must assess the claimant's RFC.  20 C.F.R § 404.1520(a)(4).

## II.  Treating Physician's Opinions

Plaintiff argues that the ALJ's reasons for rejecting Dr. Schell's medical opinion are insufficient. The ALJ discredited Dr. Schell's opinions because they were not compatible with the medical record and because he had abandoned his impartial role as a treating psychiatrist.  He stated:

> Dr. Schell's opinions are not compatible with his office notes nor with the medical record as a whole.  No other physician has had limitations as severe as these.  In fact, the consulting physician, Dr. Simmonds, stated that the claimant had a chronic mental illness, but yet had worked at times. He was not clear that the claimant was unable to meet the demands of simple employment, and he opined that the claimant was capable of handling funding in his own best interest.  Dr. Schell's opinions do not appear to be that of an impartial medical source, but as an advocate for the claimant to obtain Social Security benefits.  Dr. Schell's 3 main goals, as stated on February 17, 2003, was to obtain Social Security Benefits, by developing motivation to continue to apply for Social Security Benefits, preparing materials for Social Security hearing, understanding mental disability, and reviewing diagnoses to be able to present disability at a Social Security hearing. Furthermore, one of Dr. Schell's discharge criteria was when the claimant obtained Social Security benefits....Therefore, Dr. Schell's assessment has not been provided substantial or controlling weight, as it is not supported by his objective records or by medical evidence from other treating sources, is contradicted by other evidence in file, and appears to be part of a plan to entitle the claimant to Social Security benefits. (R. at 18-19).

### A.  Dr. Schell's Opinion and its Compatibility with the Medical Record

If a treating sources's medical opinion is well - supported by medically acceptable techniques and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight

4

and be adopted. S.S.R. 96-2p; 20 C.F.R. § 404.1527(d)(2); *Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004).

Dr. Schell's evaluation of Plaintiff in the mental impairment questionnaire states that 1) Plaintiff is not a malingerer; 2) there has been no improvement; 3) the impairment would cause Plaintiff to miss work more than three times per month; 4) Plaintiff would have trouble sustaining a regular job; 5) Plaintiff suffers from a variety of mental troubles specifically listed in the questionnaire (eg. delusions, panic attacks, suicidal, paranoia, social withdrawal, etc.). (R. at 246-248). The record is replete with treatment notes that support the questionnaire. Dr. Schell's treatment records show that Plaintiff has a variety of mental problems and those problems are consistently acknowledged in each session. (Id. at 150-154, 211, 212, 214, 217, 220-222, 224 - 226, 228, 230, 236-238). This is consistent with the signs and symptoms listed on the mental impairment questionnaire. (Id. at 246).

There are other documents in the record that support Dr. Schell's analysis. On the reconsideration disability report, Plaintiff states that the "CIA is trying to kill [him]" and that he "can't leave [his] house. They are following [him]." (Id. at 102). Plaintiff also describes panic attacks when he leaves his house and little to no social life. (Id. at 108). These remarks also corroborate the medical conditions listed in the questionnaire. (Id. at 246).

The ALJ relied on the report of the consultative psychiatrist, Dr. Simmonds, to contradict Dr. Schell's opinions. However, Dr. Simmonds stated that he concurs with Dr. Schell's analysis that Plaintiff possibly has a schizoaffective disorder. (Id. at 175). Dr. Simmonds stated he is unclear if Plaintiff is able to meet the demands of simple employment. (Id. at 176). Dr. Simmonds and Dr. Schell both agree that Plaintiff would be able to manage benefits in his best interests. (Id. at 244, 176). The ALJ's finding that

Dr. Simmonds' report is not consistent with Dr. Schell's analysis is not supported by substantial evidence.

On Feb. 28, 2002, Dr. Diller performed a consultant psychiatric review on Plaintiff. (Id. at 177-192). He found that "[a]llegations of subjective symptom experience and impact on functioning are consistent with objective observations and are credible" and "Dr. Schell's observations are consistent with a 1/02 onset of severe symptoms". (Id. at 192). While ultimately Dr. Diller did not believe these symptoms would last more than 12 months, his opinion supports rather than contradicts Dr. Schell's medical findings. (Id.).

Plaintiff's former employer also provided evidence that is consistent with Dr. Schell's analysis. He stated that Plaintiff was slow in delivering products and that he was terminated because he did not maintain the pace that was expected of him. (Id. at 118-119). This supports Dr. Schell's analysis which stated that "[h]e can do sedentary work eight hours a day and probably works at about three-fourths the normal work rate" and "[i]n task completion, he has a severe problem with limited persistence, and a moderate problem with slow pace." (Id. at 236).

Defendant argues that two office notes are allegedly inconsistent with Dr. Schell's opinion. Dr. Schell noted that Plaintiff was developing insight into the effects of the mental disorders on his life and that Plaintiff understood his disorders and how they caused him stress. (Id. at 217, 224). "[T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinions..." S.S.R. 96-2p. The ALJ only made a broad reference that Dr. Schell's notes are inconsistent without referring to any specific document in the record. However, even if the ALJ had complied with S.S.R. 96-2p and specifically referred to the two notes now raised by the Defendant, the Court would not have found the argument persuasive.

6

Given the number of collaborating reports in the record, the two isolated and ambiguous comments offered by the Defendant to support the ALJ's decision do not constitute substantial evidence. Dr. Schell's analysis is not contradicted by his own notes and is supported by other relevant evidence in the record; therefore, the ALJ's decision not to give Dr. Schell's opinions substantial or controlling weight is not supported by substantial evidence. S.S.R. 96-2p; 20 C.F.R.§ 404.1527(d)(2).

B.  Dr. Schell as an Advocate for the Claimant

The ALJ does not accord Dr. Schell controlling weight in part because the mental assessment appears to be part of a plan to entitle the claimant to Social Security benefits. The ALJ supports this conclusion by citing the goals listed in Dr. Schell's treatment notes.

Dr. Schell states that the Discharge Criteria are: 1) obtain Social Security benefits; 2) psychotic features under control; 3) anger under control; 4) improve physical health; and 5) with no marked distress in mood, dissociation, paranoia and withdrawal.  (R. at 211, 221).  Dr. Schell also lists three long term goals with detailed objectives describing how to achieve these goals.  The goals are the receipt of Social Security benefits, take psychotropic medication, and ameliorate current depression.  Under the goal to obtain Social Security benefits, Dr. Schell wrote:

> 1) Objective: Develop motivation to continue to apply for Social Security benefits...Increase self-esteem to overcome criticisms from Social Security Administration.
> 2) Objective: Prepare materials for Social Security hearing...Review criteria for all mental disorders; complete history; complete psychometric testing; complete evaluation.
> 3) Objective: Understand mental disability...Review diagnoses to be able to present disability case at a Social Security hearing.
> (Id. at 212).

The issue is whether the ALJ applied the correct legal standards by making a credibility determination of

Dr. Schell and rejecting his medical opinion on that basis.

As stated earlier, if a treating sources's medical opinion is well - supported by medically acceptable techniques and not inconsistent with other substantial evidence in the case record, it must be given controlling weight. S.S.R. 96-2p. While the Court finds Dr. Schell's obvious advocacy troubling, it is not a factor to be considered in the absence of contradicting medical evidence. See *McGoffin v. Barnhart*, 288 F.3d 1248, 1251 (10th Cir. 2002) quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion). As stated earlier, there was no substantial evidence to contradict Plaintiff's treating source; therefore, the ALJ did not follow the correct legal standards when he rejected Dr. Schell's opinion on the basis of advocacy. See *Morales*, 225 F.3d at 318 (A credibility determination is not objective medical evidence and not an acceptable basis standing alone for rejecting an examining physician's conclusion).

### III.  Duty to Obtain Additional Evidence

Plaintiff argues that before rejecting Dr. Schell's opinions, the ALJ had a duty to order additional consultative examinations or to contact Dr. Schell to clarify any ambiguities. 20 C.F.R. § 1512(e) (f). "The pertinent inquiry is whether the record contained sufficient medical evidence for the Commissioner to make an informed decision as to the claimant's alleged impairment." *Robertson v. Chater*, 900 F. Supp. 1520, 1530 (D. Kan. 1995). There is sufficient evidence on the record including one consultative examination by Dr. Simmonds, a psychiatric review technique by Dr. Diller, and nine sessions with Dr. Schell. (R. at

145-154, 174-192, 211-248, 267-269). The ALJ's opinion was not flawed due to a dearth of information, rather it was a misapplication of legal standards. The ALJ did not err by failing to order another consultative examination or to re-contact Dr. Schell.

### IV. Support for RFC

Plaintiff argues that the RFC is not supported by substantial evidence because the RFC determination does not appropriately account for Plaintiff's psychological impairments. (Id. at 21); 20 C.F.R. § 404.1545(a); S.S.R. 96-8p (RFC assessment is based on a number of factors including medical source statements). Because the ALJ erred by disregarding Dr. Schell's medical opinion, the RFC must necessarily be recalculated once Dr. Schell's medical opinion has been evaluated according to the appropriate legal standards. See S.S.R. 96-2p; 20 C.F.R. § 404.1527(d).

It is therefore ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security (Doc. 1) be GRANTED and the decision of the Commissioner of Social Security be REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g).

SO ORDERED this 31st day of March 2005.

     s/ Wesley E. Brown
Wesley E. Brown, U.S. Senior District Judge